56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 AETNA CASUALTY AND SURETY COMPANY, Plaintiff,
and
New Hampshire Insurance Company, Plaintiff/Counter-Defendant/Appellee,
v.
C.D.J.T., INC., dba Theodore R. & Company, Defendant,
and
Nygard, Inc., Defendant/Counter-Claimant/Appellant.
 No. 93-56634.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided May 30, 1995.
 
 Before NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nygard, Inc. ("Nygard") appeals the district court's grant of summary judgment to New Hampshire Insurance Company ("New Hampshire"). We affirm.
 
 
 3
 * Under California law, an insurer's duty to defend arises whenever a suit "potentially seeks damages within the coverage of the policy." Gray v. Zurich Ins. Co., 54 Cal. Rptr. 104, 111 (1966) (emphasis in original). In determining whether such potentially covered claims exist, "the ultimate question is whether the facts alleged do fairly apprise the insurer that plaintiff is suing the insured upon an occurrence which, if his allegations are true, gives rise to liability of insurer to insured under the terms of the policy." Id. at 112 n.15 (emphasis in original) (quotations omitted). Further, facts extrinsic to the complaint may give rise to a duty to defend when they reveal the possibility that the claim may be covered by the policy. See Montrose Chem. Corp. v. Superior Court, 24 Cal. Rptr. 2d 467, 472 (1993).
 
 II
 
 4
 We reject Nygard's claim that Mendelson asserted facts sufficient to give rise to a duty to defend on a claim for emotional distress. California courts have held that a general liability policy's coverage for bodily injury does not cover claims for emotional distress that are unconnected to physical injury. See Keating v. National Union Fire Ins., 995 F.2d 154, 156 (9th Cir. 1993); Chatton v. National Union Fire Ins. Co., 13 Cal. Rptr. 2d 318, 323 (Cal. App. 1992); Aim Ins. Co. v. Culcasi, 280 Cal. Rptr. 766, 772 (Cal. App. 1991).
 
 
 5
 Here, Mendelson has asserted no facts indicating that he sustained a physical injury. The only possible evidence that Nygard can point to on this issue is Mendelson's refusal to deny that he had a claim for bodily injury. Even that does not necessarily indicate the existence of a physical injury, however, because Mendelson might have interpreted the term "bodily injury" as including mental distress. For this reason, the district court did not err in concluding that Nygard failed to assert a potential claim for bodily injury.
 
 III
 
 6
 Nygard maintains that Mendelson asserted facts sufficient to give rise to a duty to defend on a claim for property damage. We disagree. California law holds that purely economic damages do not give rise to a claim of property damage under a comprehensive general liability policy; rather, the damage must be to tangible property. Giddings v. Industrial Indem. Co., 169 Cal. Rptr. 278, 281 (Cal. App. 1980). In response to Nygard's Requests for Admissions, Mendelson admitted that he had no claim that Nygard caused any damage to his "physical property." Given such an admission, it is impossible to conclude that Nygard presented to New Hampshire a potential claim for property damage.
 
 IV
 
 7
 We reject Nygard's assertion that Mendelson's claim for attorneys' fees pursuant to California Civil Code Sec. 3426.4 constituted a claim for malicious prosecution, thus triggering New Hampshire's duty to defend. The California Court of Appeal recently held that attorneys' fees do not constitute "damages" for the purposes of an insurance policy. Cutler-Orisi Unified Sch. Dist. v. Tulare County Sch. Dists., 37 Cal. Rptr. 106, 114-15 (Cal. App. 1995).
 
 V
 
 8
 Nygard claims that Mendelson asserted a claim for "advertising injury" and "personal injury." Here, the only evidence in support of such a claim is Mendelson's settlement demand letter, which the district court excluded. We need not determine whether the district court correctly excluded Mendelson's letter because Nygard's contention must fail even if the demand letter is considered.
 
 
 9
 It is true that the duty to defend arises whenever facts can be ascertained that give rise to a potential for coverage. Nichols v. Great Am. Ins. Cos., 215 Cal. Rptr. 416, 419 (Cal. App. 1985). It is also true that any doubt as to the duty to defend must be resolved in favor of the insured. Id. That said, we must nonetheless reject Nygard's claim because it failed to marshal sufficient facts to give rise to a duty to defend.
 
 
 10
 The letter states that its allegations are based on revelations made in discovery, yet it fails to point to any testimony or documents that support those allegations. This omission is especially curious because the letter does name specific discovery documents that support Mendelson's other allegations. Further, when Mendelson's counsel sent the demand letter, discovery had closed and the trial was set for only three months away. Nonetheless, Mendelson had made no effort to amend his complaint to assert the allegations that he discusses in the demand letter. Under these circumstances, we hold that the letter, by itself, is insufficient to trigger New Hampshire's duty to defend.
 
 VI
 
 11
 Nygard asserts that it was entitled to coverage and a defense under a provision of the Broad Form Commercial Liability Endorsement entitled "Contractual Liability Coverage." We disagree.
 
 
 12
 It is not clear what type of coverage Nygard is asserting. Portions of Nygard's brief indicate that it is merely claiming that it is covered for liability for bodily injury or property damage resulting from the breach of an incidental contract. If so, we need not dwell on this contention because, as stated above, Nygard has failed to assert any claims for bodily injury or property damage.
 
 
 13
 Other portions of its brief, however, indicate that Nygard is alleging that it is entitled to coverage for claims asserting breach of contract. We must reject this assertion also.
 
 
 14
 We agree with Nygard that the Endorsement could be clearer. It should reference the exclusion to which it applies and note that all contractual liability coverage is limited to that arising from bodily injury or property damage. Nonetheless, we cannot conclude that a lay person would read the Endorsement and reasonably assume that the policy provided coverage for breaches of contract. The Endorsement neither recites nor implies that it is providing any such coverage. Further, one would expect an insured to start reading a policy at the beginning rather than opening the policy at the Endorsements and start reading there. The "Coverage" section at the beginning of the policy clearly states that it applies to bodily injury or property damage. Thus, although the Endorsement certainly could have been better referenced, the district court did not err in concluding that Nygard failed to assert a claim for contractual liability.
 
 VII
 
 15
 Nygard relies on McLaughlin v. Connecticut General Life Insurance Co., 565 F. Supp. 434, 451 (N.D. Cal. 1983) to argue that New Hampshire waived its right to assert that there was no potential for coverage under the advertising injury provision because New Hampshire failed to cite that portion of the policy when it initially declined Nygard's tender of defense. New Hampshire maintains that Nygard's reliance on McLaughlin is misplaced because Intel Corp. v. Hartford Accident & Indemnity Co., 952 F.2d 1551, 1559-60 (9th Cir. 1991), abrogated McLaughlin.
 
 
 16
 We need not decide whether Intel applies, however, because Nygard's claim must fail even under McLaughlin's more lenient standard. McLaughlin held that "an insurance company which relies on specified grounds for denying a claim thereby waives the right to rely in subsequent litigation on any other grounds which a reasonable investigation would have uncovered." 565 F. Supp. at 434.
 
 
 17
 When Nygard first tendered its defense, New Hampshire declined without mentioning advertising injury coverage or coverage for libel, slander or disparagement. That response was perfectly reasonable, however, because Mendelson's cross-complaint in no way suggested a claim under any of those provisions. Thus, New Hampshire did not waive its other grounds for refusing a defense because a reasonable investigation would not have uncovered them.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3